UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRENE T. JUNEAU                    *          CIVIL ACTION

VERSUS                             *          NO: 08-1238

STATE FARM FIRE & CASUALTY         *          SECTION: "D"(5)
COMPANY

**ORDER AND REASONS**

Before the court are the following motions filed by Defendant, State Farm Fire and Casualty Company:

(1) **"Motion in Limine to Exclude the Expert Report and Testimony of Leo B. Corey"** (Doc. No. 16);

(2) **"Motion for Partial Summary Judgment on Applicability of Louisiana's Value Policy Law and Efficient Proximate Cause Doctrine"** (Doc. No. 10);

(3) **"Motion for Partial Summary Judgment on Coverage 'A', Coverage 'B', and Coverage 'C'"** (Doc. No. 11);

(4) **"Motion for Partial Summary Judgment on the Issues of Bad Faith and Attorneys' Fees"** (Doc. No. 12); and

(5) **"Motion for Partial Summary Judgment as to Extra-Contractual Damages"** (Doc. No. 13).

Plaintiff, Irene J. Juneau, filed memoranda in opposition to these motions.  The motions, set for hearing on Wednesday, December 3, 2008, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

## I.  Background

Plaintiff is owner of property located at 3214 Jackson Boulevard, Chalmette, Louisiana.  The property was severely damaged as a result of Hurricane Katrina and its aftermath.  Plaintiff did not have flood insurance coverage on the property, but she did have a valued policy homeowner's policy issued by State Farm.  Subject to a $500 deductible, that policy provided for the following coverages and limits:

| | | |
|---|---|---|
| A | Dwelling | $75,500 |
| | Dwelling Protection | $ 7,550 |
| B | Personal Property | $56,625 |
| C | Loss of Use | Actual Loss Sustained |

(*See* Doc. No. 10-6, Policy Renewal Certificate).

The parties agree that State Farm has tendered the following payments:

| | | |
|---|---|---|
| 10/18/05 | Coverage A (Dwelling) | $6,894.19 |
| 10/18/05 | Coverage B (Contents) | $  400.00 |

2

| | | |
|---|---|---|
| 10/18/05 | Coverage C<br>(Additional Living Expenses/<br> Loss of Use) | $2,689.25 |
| 12/19/05 | Coverage A<br>(Additional) | $ 2,192.66 |
| 7/20/06 | Coverage A<br>(Additional) | $ 3,020.84 |
| 11/02/06 | Coverage<br>(Return of deductible) | <u>$  500.00</u> |
| | **TOTAL** | **$15,746.94** |

Subject to the $500 deductible, State Farm determined that the total replacement cost value of Plaintiff's wind damage was $12,107.69, which included payment for the roof ($4,203.56); attic vent; window screen; exterior door with lockset and deadbolt; rear siding; house wrap; and security light. (*See* State Farm's Statement of Loss attached to Plaintiff's Opp. as Doc. No. 17-6).

In the instant lawsuit, Plaintiff claims that Hurricane Katrina (which struck on August 29, 2005) and its aftermath "caused massive damage, including storm rain, flood and wind damage to component parts and contents of complainant's property ... including ancillary structures. The buildings were total losses entitling complainant to the full insurable amount shown on her insurance policy for building, structure and contents." (Complaint at ¶6).

Regarding the cause of her damages she seeks through this lawsuit, Plaintiff alleges:

3

> The strength and magnitude of Katrina's violent winds leave little doubt to consider that the high velocity wind force was the "efficient proximate cause" of the damage to complainant's buildings and ancillary structure. As a result of this damage, subsequent storms and/or weather further aggravated and/or contributed to the property loss. The waters entering the New Orleans Metropolitan area were also partially storm surge, a known meteorological phenomenon that is not specifically excluded thus rendering damage caused by a storm surge and resulting water pressure covered by the policy.
>
> . . .
>
> Complainant's property sustained losses or damages from hurricane related winds, which is a covered peril under Defendant's insurance policy, and which were the efficient proximate cause of her loss.

(Complaint at ¶9 & ¶15).

Plaintiff sues State Farm claiming that: she is entitled to the total face amount of her policy under LSA-R.S. 22:695; State Farm breached its contract and/or acted negligently by failing, *inter alia*, to promptly pay and reasonably adjust her claim; and State Farm breached its duty of good faith and fair dealing. State Farm now moves for summary judgment on several issues.

## II. Legal Analysis

### (A) "Motion in Limine to Exclude the Expert Report and Testimony of Leo B. Corey" (Doc. No. 16)

In this motion, State Farm seeks to exclude the report and

testimony of Leo B. Corey, III, an insurance adjuster who inspected the subject property on or about March 10, 2008.  (Hurricane Katrina struck on August 29, 2005).  In his report, Mr. Corey concludes that:

> **There was flooding associated with this loss from tidal surge or levy breach.  However All water damage addressed in this estimate was as a result of rain infiltration allowed by wind damage to the roof.**

(*See* Corey Report entitled "Statement in Compliance with Rule 26 [Fed. R. Civ. Pro. 26(a)(2)]).[1]

Mr. Corey also used the Xactimate 25V program and estimated the replacement cost value at $73,170.70 (= $56,438.38 + $1,755.54 base service charge + $2,277.73 material sales tax + $6,047.17 overhead + $6,651.88 profit).  (*See* 13-page Line Item Estimate of Damages attached to Corey's report).

Mr. Corey states that his estimate "is based on a comparison and review of the carrier's estimate, and does not include any contents or ALE claims" and that:

> The Scope of Damages And subsequent Estimate of Damages prepared by me started with a walk around the property, photographing the property and getting a general idea of the damages from photographs furnished by the owner.  I then proceeded from roof to ground

---

[1]     In his deposition, Mr. Corey testified that he believed the subject home had about five feet of flood water in it post-Katrina.  (Corey Dep. at pp. 58-59).

> level mapping out the various damages still
> visible (roofing rafters and 1x8 spaced roof
> decking).

(*See* Corey Report).

Defendant argues that the report and testimony of Mr. Corey should be excluded because, *inter alia*, he is not qualified and his opinion is not the product of any reliable methodology. Plaintiff argues that Mr. Corey should be allowed to testify based on his observations and his experience as a licensed insurance adjuster and licensed contractor.

At this juncture, the court **DENIES** Defendant's **"Motion in Limine to Exclude the Expert Report and Testimony of Leo B. Corey" (Doc. No. 16)** but nothing herein should be construed as a finding that the *entire or even a majority of the report and/or deposition testimony of Mr. Corey* is admissible. To the contrary, the court finds that portions of Mr. Corey's testimony are clearly inadmissible. Further, some of the Defendant's objections (including but not limited to those regarding Mr. Corey's qualifications) are better handled on cross-examination.

## (B) "Motion for Partial Summary Judgment on Applicability of Louisiana's Value Policy Law and Efficient Proximate Cause Doctrine" (Doc. No. 10)

The court finds there are genuine issues of fact as to whether the damages Plaintiff is seeking in this case (under her dwelling coverage) were caused exclusively by wind and whether Plaintiff has properly segregated those damages from flood damages.[2]   Thus, the court **DENIES** Defendant's **"Motion for Partial Summary Judgment on Applicability of Louisiana's Value Policy Law and Efficient Proximate Cause Doctrine" (Doc. No. 10).**   However, State Farm is entitled to an offset of prior payments under the homeowner's policy, thereby limiting plaintiff's recovery to any previously uncompensated losses covered by her homeowner's policy.

**(C)   Motion for Partial Summary Judgment on Coverage "A" (Dwelling Coverage), Coverage "B" (Personal Property Coverage), and Coverage "C" (Additional Living Expenses) (Doc. No. 11)**

Because there are genuine issues of fact as to whether the damages Plaintiff is seeking in this case (under her dwelling coverage) were caused exclusively by wind and whether Plaintiff has properly segregated those damages from flood damages, the court **DENIES** Defendant's **Motion for Partial Summary Judgment on Coverage "A" (Dwelling Coverage), and Coverage "C" (Additional Living**

---

[2]      In addition to Mr. Corey who gives an opinion on Plaintiff's wind damages, Plaintiff's expert, William B. Haensel, Jr., P.E., also gives an opinion on wind damages to Plaintiff's roof.  Mr. Haensel and his opinion are not the subject of any Motion in Limine.

Expenses) (Doc. No. 11).

But at this summary judgment juncture, Plaintiff has failed to offer any competent evidence to show that a genuine issue of material fact exists regarding wind damage to her personal property and the amount of such damages.  Thus, the court **GRANTS** Defendant's **Motion for Partial Summary Judgment on Coverage "B" (Personal Property Coverage)(Doc. No. 11).**

### (D) "Motion for Partial Summary Judgment on the Issues of Bad Faith and Attorneys' Fees" (Doc. No. 12)

Again, because there are genuine issue of fact as to whether the damages Plaintiff is seeking in this case (under her dwelling coverage) were caused exclusively by wind and whether Plaintiff has properly segregated those damages from flood damages, the court **DENIES** Defendant's **"Motion for Partial Summary Judgment on the Issues of Bad Faith and Attorneys' Fees" (Doc. No. 12).**

However, the court does find, as a matter of law, that the 2006 amendment to LSA-R.S. 22:658 (which changes the right to receive penalties from 25% to 50% and establishes a new right to attorney's fees) is not applicable in this matter because the amendment is unquestionably substantive, and as such cannot be applied retroactively. (Here, Plaintiff's claims accrued long

before the August 15, 2006 effective date of such amendment). *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La. 2008). Further, the court finds without merit Plaintiff's argument that because State Farm continually breached its duty of good faith and fair dealing in refusing to pay, State Farm is subjected to the increased penalties in the amended version of LSA-R.S. 22:658. *Id.* at 199.

The court also finds, as a matter of law, that Plaintiff cannot recover attorney's fees under LSA-R.S. 22:1220 or Louisiana Civil Code Article 1997 because neither provide for attorney's fees. *Sher*, 988 So.2d at 201; *Calogero v. Safeway Inc. Co.*, 753 So.2d 170, 174 (La. 2000). Finally, because LSA-R.S. 22:1220 provides the greater penalty, LSA-R.S. 22:1220 supersedes LSA-R.S. 22:658 such that Plaintiff cannot recover penalties under both LSA-R.S. 22:658 and LSA-R.S. 22:1220. *Calogero*, 753 So.2d at 174.

## (E) "Motion for Partial Summary Judgment as to Extra-Contractual Damages" (Doc. No. 13)

As a matter of law, Plaintiff is not entitled to recovery of damages for emotional distress or mental anguish under LSA-R.S. 22:1220. *Sher*, 988 So. 2d 201-03; *Dixon v. Premium Ins. Group,* 934 So.2d 136, 145-46 (La. App. 1st Cir. 2006). Because Plaintiff's claims are based on an alleged breach of an insurance contract, her damages are limited to pecuniary losses flowing from the breach.

9

As the *Sher* Court explained:

> The common purpose of [an] insurance contract
> is to provide for the protection of one of the
> contracting parties, the insured, from
> economic loss as a consequence of covered
> hazards -[an] insurance policy is not designed
> to gratify nonpecuniary interests, it is meant
> to protect pecuniary interest.

*Sher*, 988 So. at 202.

Further, there is no competent evidence in the record to show that in this insurance dispute case, the "obligor [State Farm] intended, through [its] failure, to aggrieve the feelings of the obligee [Plaintiff]" which might entitle Plaintiff to nonpecuniary damages under Louisiana Civil Code Article 1998.  Accordingly, the court **GRANTS** Defendant's **"Motion for Partial Summary Judgment as to Extra-Contractual Damages" (Doc. No. 13).**

New Orleans, Louisiana, this **12th** day of **December**, **2008**.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE